C. F. Paul, *Publisher.*]......$1.00 per annum......[O. L. Barbour, *Reporter.*

Vol. VI.]　　　SARATOGA SPRINGS, APRIL 7, 1846.　　[No. 1.

## Court of Chancery.

### DECISIONS OF THE CHANCELLOR,

APRIL 7, 1846.

*Ira Markham* v. *Aaron Markham.*　C. Tucker, for complainant; R. P. Marvin, for defendant. ' Order dissolving injunction. Costs to abide the event.

*Isaac Van Aernam* v. *Catherine Ann Van Aernam.*　H. Fuller, for complainant.　Bill for a divorce, on the ground of adultery.　The chancellor decided that the complainant in a suit for a divorce who asks for a decree declaring the children of the defendant illegitimate must produce some further evidence of the non-access of the husband than the mere fact that the wife was living in adultery with another person. That courts should not undertake to unsettle the title to property, or to put the *status* of any one in jeopardy, by speculating upon the mere probabilities in favor of the illegitimacy of a child who might or might not have been begotten by the husband of the mother.

What proof is required in an adultery case, of the illegitimacy of the children.

But that it is not necessary that the evidence should be such as to render it impossible that sexual intercourse should have taken place between the hushand and wife.　It is sufficient if it proves, beyond a reasonable doubt, that no such intercourse did take place during the usual period of gestation previous to the birth of the child.

Usual decree for a divorce directed to be entered, but without bastardizing the issue.　With liberty to the complainant to refer the matter back to the master to review his report, and to take further testimony as to the non-access of the husband.